UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MATTHEW RAYMOND,

                        *Plaintiff*,

-against-

TROY MITCHELL, Lieutenant at Auburn
Correctional Facility, CHARLES THOMAS,
Correction Officer at Auburn Correctional Facility,
THOMAS HARTE, Sergeant at Auburn Correctional
Facility, THOMAS PHILLIPS, Correction Officer at
Auburn Correctional Facility, THOMAS GIANCOLA,
Correction Officer at Auburn Correctional Facility,
HAROLD D. GRAHAM, Superintendent of Auburn
Correctional Facility, BRIAN BAUERSFELD,
Correctional Hearing Officer of Auburn Correctional
Facility, BRIAN O'HORA, Correction Officer at Auburn
Correctional Facility, AIMEE HOPPINS, R.N., Dr.
DEBORAH GEER, & "JOHN DOE", Correction
Officer at Auburn Correctional Facility,

                        *Defendants*.
_____

**ANSWER TO AMENDED COMPLAINT**
*JURY TRIAL DEMANDED*

9:18-CV-1467
 (GLS/ATB)

      Defendants TROY MITCHELL, Lieutenant at Auburn Correctional Facility, CHARLES THOMAS, Correction Officer at Auburn Correctional Facility, THOMAS HARTE, Sergeant at Auburn Correctional Facility, THOMAS PHILLIPS, Correction Officer at Auburn Correctional Facility, THOMAS GIANCOLA, Correction Officer at Auburn Correctional Facility, HAROLD D. GRAHAM, Superintendent of Auburn Correctional Facility, BRIAN BAUERSFELD, Correctional Hearing Officer of Auburn Correctional Facility, BRIAN O'HORA, Correction Officer at Auburn Correctional Facility, AIMEE HOPPINS, R.N., and Dr. DEBORAH GEER ("Defendants"), by their attorney, Letitia James, Attorney General of the State of New York, Aimee Cowan, Assistant Attorney General, of counsel, answers Plaintiff's Amended Complaint, [Dkt. 20], as follows:

1

1. Defendants **DENY** the truth of the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 32, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 96, 97, 98, 99, 100, 101, 102, 103, 106, 107, 108, 109, 112, 113, 115, 116, 119, 120, 124, 125, 127, 130, 131, 133, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165 ,166, 167, 169, 170, 171, 172, 173, 174, and 175 of the Complaint.

2. Defendants **DENY KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF** as to the truth of the allegations contained in Paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 60, 74, 95, 104, 105, 110, 111, 114, 117, 118, 121, 122, 123, 126, 128, 129, 132, 134, 159, 168, and 176 of the Complaint.

3. Defendants **DENY** all other allegations in the Complaint that are not specifically responded to above.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

4. If Plaintiff has, on three or more occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, Plaintiff is barred from proceeding under section 1915.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

5. Any damages alleged to have been sustained by Plaintiff were caused or contributed to in full or in part by the culpable conduct and/or assumption of the risk of Plaintiff and not by any culpable conduct on behalf of the Defendants. Further, Plaintiff has failed to mitigate his damages.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE,**

**DEFENDANTS ALLEGE AS FOLLOWS:**

6. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

7. At all relevant times the Defendants acted under the reasonable belief that their conduct was in accordance with clearly established law. Defendants are therefore, protected under the doctrine of qualified immunity.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

8. The Complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

9. To the extent Plaintiff raises state law claims, they are barred by section 24 of the Correction Law, by the Eleventh Amendment, and by other state law.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

10. The Complaint is barred by the applicable statute of limitations.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

11. The Complaint is barred, in whole or in part, under the Eleventh Amendment.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

12. Plaintiff failed to exhaust his administrative remedies.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

13. To the extent this action is brought for mental or emotional injury, Plaintiff is barred from proceeding without a prior showing of physical injury.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

14. Upon information and belief, Plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending. Pursuant to section 807 of the Prison Litigation Reform Act of 1995, any compensatory damages to be awarded to Plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full. Therefore, Plaintiff may not be entitled to any payment herein.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

15. Upon information and belief, Plaintiff has been convicted of one or more felonies or other crimes. Pursuant to section 808 of the Prison Reform Act of 1995, prior to payment of any compensatory damages to Plaintiff, reasonable efforts shall be made to notify the victims of the crime for which Plaintiff was convicted and incarcerated. Upon information and belief, Plaintiff must be compelled to cooperate in the notification of his victims prior to payment of any judgment herein, or Plaintiff should be barred from recovery.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

16. Defendants reserve the right to raise additional defenses, which may become

known during further investigation and discovery in this case.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

17. Upon information and belief, if Plaintiff obtains any recovery in this action against the Defendants, such recovery and liability against the Defendants should be limited pursuant to Articles 14 and 16 of the CPLR; the liability, if any, of the Defendants to Plaintiff for non-economic loss shall be limited to the Defendants' equitable share of the culpable conduct causing or contribution to the total liability for the non-economic loss of the Plaintiff, if any.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

18. Defendant(s) were not personally involved in the alleged constitutional or statutory violations, and are therefore not liable under 42 U.S.C. § 1983. The doctrine of *respondeat superior* does not apply in civil rights cases, and the Complaint should therefore be dismissed against Defendants.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

19. Defendants' actions were not motivated by evil motive or intent and were not performed with reckless or callous indifference to Plaintiff's federally protected rights.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

20. Defendants asserts a defense under *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977).

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

21. To the extent that the Plaintiff seeks punitive or exemplary damages within his Complaint against the individual Defendants in their official capacity, such claims should be dismissed as improper.

### AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

22. Any force used by Defendants and/or any agents or employees of the Department of Corrections and Community Supervision was privileged, reasonable, and necessary.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

23. Defendants hereby request a trial by jury.

WHEREFORE, Defendants respectfully request that this Court deny the relief requested, dismiss the Complaint in its entirety, and grant such other relief as to the Court shall seem is just and equitable.

Dated:   Syracuse, New York
         March 11, 2019

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
615 Erie Blvd. West, Suite 102
Syracuse, New York 13204

By:      /s

Aimee Cowan, Esq.
Assistant Attorney General
Bar Roll No. 516178
Telephone:    (315) 448-4800
Fax: (315) 448-4853
Email: aimee.cowan@ag.ny.gov

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 11, 2019, she filed Defendants' Answer to Plaintiff's Amended Complaint by electronically filing with the Clerk of the Court herein, using the CM/ECF system, with the understanding that such notification was sent by the Clerk to the following:

>Katherine Rosenfeld
>Emma L. Freeman
>Emery Celi Brinckerhoff & Abady LLP
>600 Fifth Avenue, 10th Floor
>New York, New York 10020

Dated:     Syracuse, New York
            March 11, 2019

>LETITIA JAMES
>Attorney General of the State of New York
>Attorney for Defendants
>615 Erie Blvd. West, Suite 102
>Syracuse, New York 13204
>
>By: \_\_\_\_\_/s_____
>Aimee Cowan, Esq.
>Assistant Attorney General
>Bar Roll No. 516178
>Telephone: (315) 448-4800
>Fax: (315) 448-4853
>Email: aimee.cowan@ag.ny.gov