UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MATTHEW RAYMOND,

     Plaintiff,

 v.             No. 9:18-CV-1467 (GLS/ATB)

TROY MITCHELL, et al.,

     Defendants.

---

KATHERINE R. ROSENFELD, ESQ., and EMMA LERNER FREEMAN, ESQ., for Plaintiff
CHERYL MEYERS BUTH, ESQ., for Defendant Hoppins
PATRICK MACKEY, ESQ., et al., for All Other Defendants

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER

Presently before this court is plaintiff's motion to compel (Dkt. No. 24), which all defendants other than defendant Hoppins[1] have opposed in part (Dkt. No. 70).[2] For the reasons stated on the record during the stenographically-recorded telephone conference conducted on June 3, 2020, and subject to the further guidance provided by the court during that conference, it is

**ORDERED** that plaintiff's motion to compel (Dkt. No. 24) is **GRANTED IN PART**, in that defendants, with the cooperation of the New York Department of Corrections and

---

[1] Counsel for defendant Hoppins, a nurse at the Auburn Correctional Facility, determined that none of the discovery issues raised in the motion to compel implicated her client. The other defendants, other than Dr. Deborah Geer, are or were correction officers at the Auburn Facility.

[2] As discussed on the record during the conference on the motion to compel, the parties resolved some of their discovery disputes after new counsel was appointed for all the named defendants.

Community Supervision ("DOCCS"), are ordered to produce in discovery the following documents,[3] as to each defendant other than defendants Hoppins and Geer, for the time period from and including January 2014 through and including December 2017 for defendant Mitchell,[4] and for the period from and including September 2014 through and including September 2017 for the other defendants (not including defendant Hoppins and Geer):

1. Any reports or other records maintained in the files of the DOCCS Office of Labor Relations relating to allegations against the defendant, whether or not substantiated, involving (a) the use of excessive or unreasonable force on or sexual harassment of inmates and/or (b) making false claims or allegations, or providing false statements or testimony.

2. Any annual or periodic performance appraisal.

3. Any reports or other records relating to any investigation by the DOCCS Office of Special Investigations ("OSI") or, as it was previously known, the Office of Inspector General ("IG"), of allegations against the defendant, whether or not substantiated, involving (a) the use of excessive or unreasonable force on or sexual harassment of inmates and/or (b) making false claims or allegations, or providing false statements or testimony.

It is further **ORDERED** that defendants/DOCCS shall produce in discovery any reports

---

[3] The documents are being disclosed pursuant to the terms of the Confidentiality Stipulation and Protective Order (Dkt. No. 67). As necessary to address legitimate concerns of DOCCS regarding inmate privacy and institutional security, reasonable redactions of the documents disclosed will be allowed, e.g., to redact the names of inmates other than the plaintiff. Plaintiff's counsel may challenge redactions they deem to be unwarranted.

[4] To the extent defendant Mitchell was suspended by DOCCS, in whole or in part, based on allegations involving (a) the use of excessive or unreasonable force on or sexual harassment of inmates and/or (b) making false claims or allegations, or providing false statements or testimony, reports and other records relating to his suspension shall be produced in discovery even if the suspension occurred after 2017.

or other records from the DOCCS Office of Labor Relations or OSI/IG, or any performance appraisals upon which the defendants will rely in defending this action.

It is further **ORDERED** that defendants/DOCCS shall prepare and disclose to plaintiff's counsel a declaration from a knowledgeable source confirming whether the Auburn Correctional Facility had video surveillance cameras that covered the medical unit's emergency treatment room and the immediately adjoining corridor(s) or hallway(s) in September 2016; and if so, whether any video of the plaintiff on September 14, 2016 is still in existence or, if not, why the video was not preserved.

It is further **ORDERED** that defendants/DOCCS shall prepare and disclose to plaintiff's counsel a declaration from a knowledgeable source confirming whether, between and including 2014 and 2017, use of force reports or inmate grievances from the Auburn Correctional Facility were maintained, filed, indexed, or cross-referenced by the name of DOCCS personnel involved or implicated in the use of force report or grievance.

And, it is further **ORDERED** that, by June 25, 2020, defense attorney Mackey shall, after consultation with DOCCS and other counsel in this action, submit a status report to the court, proposing a deadline for production of the supplemental discovery ordered herein, and revisions to the other deadlines in this action.

**Dated:** June 4, 2020

Hon. Andrew T. Baxter
U.S. Magistrate Judge