UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MATTHEW RAYMOND,

                       Plaintiff,

   *-against-*

TROY MITCHELL, Lieutenant at Auburn Correctional Facility, CHARLES THOMAS, Correction Officer at Auburn Correctional Facility, THOMAS HARTE, Sergeant at Auburn Correctional Facility, THOMAS PHILLIPS, Correction Officer at Auburn Correctional Facility, THOMAS GIANCOLA, Correction Officer at Auburn Correctional Facility, HAROLD D. GRAHAM, Former Superintendent of Auburn Correctional Facility, BRIAN BAUERSFELD, Correctional Hearing Officer of Auburn Correctional Facility, BRIAN O'HORA, Correction Officer at Auburn Correctional Facility, AIMEE HOPPINS, R.N., Dr. DEBORAH GEER, and "JOHN DOE", Correction Officer at Auburn Correctional Facility,

                       Defendants.

No. 18 Civ. 1467 (GLS) (ATB)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION TO QUASH SUBPOENA TO NEW YORK STATE PAROLE BOARD

Emery Celli Brinckerhoff Abady Ward & Maazel LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

Plaintiff Matthew Raymond submits this memorandum of law in support of his motion to quash the subpoena ("Subpoena") dated April 5, 2021, and returnable on April 30, 2021, that Defendants served upon the Buffalo Metro Area Office of the New York State Board of Parole, which requests the "entire parole file maintained for Matthew R. Raymond."

## INTRODUCTION

Defendants' Subpoena for Plaintiff Matthew Raymond's entire New York State parole file should be quashed. Under New York Executive Law § 259–k and its implementing regulations, Plaintiff's parole file is confidential and not subject to disclosure. Defendants cannot show any need for the file that is sufficiently significant to warrant ignoring this well-entrenched state-law privilege. Furthermore, Plaintiff's parole file is irrelevant under Fed. R. Civ. P. 26 and 45. The Subpoena is a quintessential fishing expedition designed to embarrass and harass Mr. Raymond while enabling Defendants to scrounge for speculative impeachment material. The Court should not permit Defendants' proposed intrusion into irrelevant details about Mr. Raymond's personal life that have no bearing on this excessive force civil rights case.

## ARGUMENT

**I.    THE PAROLE RECORDS SOUGHT ARE STRICTLY CONFIDENTIAL UNDER NEW YORK LAW**

New York law explicitly and strictly protects the confidentiality of parole records and explicitly prohibit release of the materials you seek in the Subpoena. *See* New York Executive Law § 259–k ("The [parole] board shall make rules for the purpose of maintaining the confidentiality of [parole] records, information contained therein and information obtained in an official capacity by officers, employees or members of the board of parole."); *see also* 9 NYCRR 8000.5(c)(2)(ii) ("Any record of the Division of Parole not made available [to the board or hearing officer] pursuant to this section shall not be released, except by the chairman upon good

1

cause shown."); *see Matter of Collins v. New York State Div. of Parole, No. 81275*, 251 A.D.2d 738, 738 (3d Dep't 1998) ("Executive Law § 259–k provides a clear legislative intent to establish and maintain the confidentiality of parole records").

Because Executive Law § 259–k directs that parole case record information be confidential, the information and documents Defendants seek are not subject to subpoena discovery. Mr. Raymond's parole records contain substantial sensitive and confidential information, the disclosure of which would cause an unwarranted invasion of his privacy. The implementing regulations of the Executive Law make clear that Defendants are not proper recipients of Plaintiff's state parole records, and the disclosure of such records would violate important public policy and legislative goals protecting the confidentiality of parole records as well Mr. Raymond's personal privacy rights.[1] New York courts have even denied prisoners access to parts of *their own* parole files where a sufficient need was not demonstrated. *See, e.g., Kilgore v. People,* 274 A.D.2d 636, 636 (3d Dep't. 2000). The Court should look less favorably still on Defendants' efforts to use Plaintiff's own parole file against him in a case about Defendants' own brutal violence and failures of oversight.

---

[1] Plaintiff has standing to quash the Subpoena—which is directed at obtaining his own parole records—because he has a "a claim of some personal right or privilege with regard to the documents sought." *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3537001, at *1 (E.D.N.Y. Aug. 14, 2012). Standing is conferred when, as here, "the claim of privilege or right [is] personal to the movant, not to the non-party witness on whom the subpoenas was served." *Samad Bros., Inc. v. Bokara Rug Co. Inc.,* No. 09 Civ. 5843, 2010 WL 5094344, at *2 (S.D.N.Y. Nov. 30, 2010); *see also* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2457 (1971) ("Ordinarily a party has no standing to seek to quash a subpoena to one who is not a party unless the party claims some personal right or privilege with regard to the documents sought."); Advisory Committee Notes, 1991 Amendment to Rule 45, Fed. R. Civ. P. ("Clause (c)(3)(B)(i) authorizes the court to quash, modify, or condition a subpoena to protect the person subject to *or affected by* the subpoena from unnecessary or unduly harmful disclosures of confidential information.") (emphasis added); *Solow v. Conseco, Inc.*, 2008 WL 190340, at *3 (S.D.N.Y. 2008) (noting that "it is well-established that a party with a real interest in the documents has standing to raise objections to their production" and granting motion to quash based on confidentiality of records sought).

Of course, "the policies underlying state [statutory] privileges must still be given serious consideration, even if they are not determinative." *Burka v. New York City Transit Auth.*, 110 F.R.D. 660, 664 (S.D.N.Y. 1986). "[F]ederal courts must balance the deference to be accorded state-created privileges with the need for the information sought to be protected by the privilege." *Daniels v. City of New York*, No. 99 Civ. 1695, 2001 WL 228091, at * (S.D.N.Y. Mar. 8, 2001). *See Rossney v. Travis*, 2003 WL 135692, at *11–12 (S.D.N.Y. 2003) (in federal habeas case, holding that petitioner "failed to show good cause for access to [his entire parole file] and has failed to overcome the state statutory privileges").

Here, as set forth in detail at Part II, Defendants cannot come close to demonstrating any "need" for Plaintiff's parole file at all—much less a need that overcomes the privacy and public policy interests served by the parole record privilege. Insofar as Defendants claim to require access to Plaintiff's criminal history, those records are already in DOCCS' possession, and Plaintiff has already been questioned at deposition about them. In light of the extensive discovery Defendants have already obtained on that topic, the Subpoena is duplicative, unnecessary, and insufficient to breach the Executive Law's protective shield. *Contrast Burka*, 110 F.R.D. at 666-667 (holding that plaintiffs were entitled to personnel files in federal employment discrimination matter because the files were "critical to their case" and defendants "ha[d] suggested no alternative means for providing the information necessary to plaintiffs").

## II. PLAINTIFF'S PAROLE RECORDS ARE IRRELEVANT TO THE PARTIES' CLAIMS AND DEFENSES

Defendants' subpoena should be quashed not only because Plaintiff's parole records are confidential, but also because they are utterly irrelevant to the parties' claims and defenses. "Subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure are subject to Rule 26(b)(1)'s overriding relevance requirement." *During v. City Univ. of N.Y.,* No. 05 Civ.

6992, 2006 WL 2192843, at *2 (S.D.N.Y. Aug.1, 2006) (collecting cases). Where privacy interests and confidentiality are implicated, "the next inquiry requires weighing the relevance or probative value of the documents being sought against the privacy interests . . . asserted." *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654, 2014 WL 5420225 (S.D.N.Y. Oct. 24, 2014); *see also In re Glitnir Banki HF.*, 08 Civ. 13757, 2011 WL 3652764, at *5 (S.D.N.Y. Aug. 19, 2011). "The burden of demonstrating relevance is on the party seeking discovery." *U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, 12 Civ. 6811, 2012 WL 5395249, at *3 (S.D.N.Y. Nov. 5, 2012).

Defendants cannot show that Plaintiff's parole file has any bearing on this federal civil rights lawsuit. The breadth of the documents sought—"the entire parole file maintained for Matthew R. Raymond" maintained for all of time—highlights their irrelevance. This excessive force case is about Lt. Troy Mitchell's September 14, 2016 vicious assault on Plaintiff, Plaintiff's severe and ongoing medical conditions resulting from the attack, and the supervisory failures which allowed Mitchell to remain employed by DOCCS for decades. Plaintiff's Eighth and Fourteenth Amendment claims have nothing to do with Plaintiff's criminal record (documentation of which Defendants already have, in any event). They are far afield from "reports prepared by his parole officers" either before or after the assault. *See* Subpoena. They have no connection to "all records related to [Plaintiff's] violations of parole." *See id*. And the case does not remotely implicate "all records related to criminal charges brought against Mr. Raymond and arrests of Mr. Raymond." *See id.* In short, "Plaintiff's lawsuit has nothing to do with parole determinations, and the subpoena at issue consequently must be quashed." *Smith v. Masterson*, 2007 WL 2319118, at *1 (S.D.N.Y. 2007) (quashing subpoena for parole records in case about denial of reasonable accommodations for alleged hearing impairment where "[n]one

4

of the alleged violations documents in the Complaint . . . bear any discernable relationship to the documents requested in the subpoena"). Defendants' Subpoena did not include citation to a single federal civil rights excessive force case in which a plaintiff's parole file was deemed relevant and subject to discovery. Plaintiff is aware of none.

This Court should not sanction Defendants' fishing expedition into statutorily confidential and irrelevant details about Mr. Raymond's parole history, which have no probative value and would be inadmissible at trial under Fed. R. Evid. 403. *See, e.g.*, *In the Matter of Ferro, Kuba, Bloom, Mangano, Gacovino & Lake, P.C.*, 8 A.D.3d 563, 564 (2d Dep't 2004) (quashing subpoena requesting "privileged communications" where subpoena "is merely a fishing expedition" and holding that "[d]isclosure is not warranted based only on speculation that some unspecified information will be found with which to impeach"). "Mere speculation and surmise that the parole file contains some facts with which to impeach the witness is insufficient to compel disclose of all or part of the parole records." *People v. Casanova*, 101 Misc. 2d 874, 876 (Sup. Ct. Bronx. Cnty. 1979) (granting motion to quash subpoena for parole records in light of State Executive Law). Whatever theoretical relevance individual documents in Plaintiff's parole file might have is far outweighed by the serious incursion on Plaintiff's privacy disclosure would inflict.

Nor does the Protective Order issued by the Court justify Defendants' efforts to escape responsibility for Plaintiff's assault and injuries with red-herring document requests. *Solow v. Conseco, Inc.*, No. 06 Civ. 5988, 2008 WL 190340, at *5 and n.5 (S.D.N.Y. Jan. 18, 2008) (quashing subpoena that sought private financial materials because "Protective Order or not, the Court will not require the production of confidential documents . . . that have no relevance to this case"). Because "the documents sought in the subpoena have little or no

relevance to the claims and defenses in this action, while having potential value to" Plaintiff insofar as they contain his confidential and private records, they must remain undisclosed. *Id.*

## CONCLUSION

For the foregoing reasons, this Court should quash Defendants' April 5, 2021 subpoena to the New York State Parole Board requesting Plaintiff's entire parole file.


Date:  April 19, 2021         Respectfully Submitted,
       New York, NY

                              /s/ Emma L. Freeman
                              Katherine Rosenfeld
                              Emma L. Freeman
                              Emery Celli Brinckerhoff Abady
                              Ward & Maazel LLP
                              600 Fifth Avenue, 10th Floor
                              New York, New York 10020
                              Telephone (212) 763-5000
                              Fax (212) 763-5001

                              *Attorneys for Plaintiff*