UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MATTHEW RAYMOND,

                Plaintiff,

vs.

TROY MITCHELL, Lieutenant at Auburn
Correctional Facility, CHARLES THOMAS,
Correction Officer at Auburn Correctional
Facility, THOMAS HARTE, Correction Officer
at Auburn Correctional Facility, THOMAS
PHILLIPS, Correction Offer at Auburn
Correctional Facility, and THOMAS GIANCOLA,
Correction Officer at Auburn Correctional Facility,

                Defendants.

Case No. 9:18-cv-01467

---

## STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL

This STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Agreement") is made by and between Plaintiff, MATTHEW RAYMOND ("Plaintiff"), and Defendant's, TROY MITCHELL, CHARLES THOMAS, THOMAS HARTE, THOMAS PHILLIPS and THOMAS GIANCOLA (sometimes collectively referred to as the "Defendants") (Plaintiff and Defendants are sometimes collectively referred to as "the Parties"):

**WHEREAS,** Plaintiff commenced the above-captioned action by filing a Complaint on December 19, 2018 (ECF No. 1), alleging various claims against Defendants pursuant to 42 U.S.C. § 1983, and Defendants filed an Answer denying all of the critical allegations set forth in the Complaint and raising various affirmative defenses; and

**WHEREAS,** the claims, allegations and defenses asserted in the above-captioned action, together with all related filings and proceedings, constitute "the Action"; and

**WHEREAS**, by filing this Settlement Agreement, any and all claims brought against Defendants will be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a), <u>excluding</u> only Plaintiff's claims for reasonable attorneys' fees, expenses, and costs incurred in prosecuting Plaintiff's claims in this action; and

**WHEREAS**, Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in the Action whatsoever; and

**WHEREAS**, the Parties desire to fully resolve the claims raised between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before any court or other agency, and without admission of fault or liability, <u>excluding</u> only Plaintiff's claims for reasonable attorneys' fees, expenses, and costs incurred in prosecuting Plaintiff's claims in this action; and

**WHEREAS**, Plaintiff assigns all of his rights to attorneys' fees, expenses, and costs pursuant to 42 U.S.C. § 1988 to his counsel, Emery Celli Brinckerhoff Abady Ward & Maazel LLP; and

**WHEREAS**, no party to this Settlement Agreement is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action;

**NOW, THEREFORE**, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Agreement, the Parties hereby stipulate and agree, and the Court orders, as follows:

1.    **Dismissal of the Action with Prejudice:** The Action and all claims asserted therein are hereby dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), with no payment in excess of the amount specified in Paragraph 2 of this Settlement Agreement to be paid to Plaintiff to settle the claims raised in the Action, <u>excluding</u> only Plaintiff's claims for reasonable attorneys'

2

fees, expenses, and costs incurred in prosecuting Plaintiff's claims in this action.

2.    **Payment to Plaintiff:**  For and in consideration of Plaintiff's execution of this Settlement Agreement, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other taxes, liens or setoffs as set forth in herein, the State of New York, on behalf of all Defendants, shall pay the Plaintiff the total sum of One Million Two Hundred Thousand Dollars and Zero Cents ($1,200,000.00) (consisting of $1,200,000.00 for compensatory damages only), plus Plaintiff's reasonable attorneys' fees, expenses, and costs incurred in prosecuting Plaintiff's claims in this action.  The Parties hereby understand and agree that the amount of reasonable attorneys' fees, costs and expenses to be paid to Plaintiff by Defendants will be resolved between the Parties separately pursuant to the procedure set forth in Paragraph 4 in this Settlement Agreement.

The Office of the New York State Comptroller shall issue any and all appropriate Internal Revenue tax forms, as follows:

a.    The State of New York, on behalf of all Defendants, shall pay the gross sum of One Million Two Hundred Thousand Dollars and Zero Cents ($1,200,000.00) in full and complete satisfaction of any and all claims, allegations, or causes of action for compensatory damages (including, but not limited to, physical injuries, pain and suffering, mental and emotional anguish and trauma, reputational damages, punitive damages, and liquidated damages), excluding only Plaintiff's claims for reasonable attorneys' fees, expenses, and costs incurred in prosecuting Plaintiff's claims in this action. The foregoing payment shall be made payable to "Emery Celli Brinckerhoff Abady Ward & Maazel LLP as Attorneys for Matthew Raymond," and the check is to

3

be mailed to Katherine R. Rosenfeld, Esq., Emery Celli Brinckerhoff Abady Ward &

Maazel LLP, One Rockefeller Plaza, 8th Floor, New York, New York 10020.

3.    **State Approval of Payments:** Payment of the amount specified in Paragraph 2 of

this Settlement Agreement is conditioned upon and subject to the approval of all appropriate State

officials in accordance with N.Y. Pub. Off. Law § 17. Plaintiff and Plaintiff's attorneys agree to execute

and deliver all necessary and appropriate vouchers and other documentation requested with respect

to obtaining such approval and effectuating payment including, but limited to, Plaintiff's Affirmation

of Medicare Status as set forth in Paragraph 7 of this Settlement Agreement.

4.    **Payment of Plaintiff's Attorneys' Fees:** The Parties agree to negotiate in good faith

regarding the amount of reasonable attorneys' fees, costs and expenses to be paid to Plaintiff by

Defendants. If those negotiations are unsuccessful, the Parties agree that Plaintiff shall move the

Court requesting reasonable attorneys' fees, costs, and expenses, and that such motion shall be made

no later than 60 days after the after the execution of this Settlement Agreement. For purposes of this

motion for attorneys' fees and costs only, the parties agree that the Plaintiff is a "prevailing party"

within the meaning of 42 U.S.C. § 1988. Defendants agree to pay Plaintiff's counsel the attorneys'

fees and costs awarded by the Court pursuant to plaintiff's motion, following the conclusion of any

appeals. The Court will retain jurisdiction over this matter for the purpose of deciding any motion

for attorneys' fees and costs filed by Plaintiff pursuant to this paragraph, if such a motion becomes

necessary.

5.    **Accrual of Interest:** In the event payment of the amount specified in Paragraph

2 of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after

receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Agreement,

entered into the record by the Clerk of Court, together with all other documentation required under

this Settlement Agreement, interest on any part of the settlement amount not paid by the one hundred

4

twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after receipt by the Office of the Attorney General of all documentation required under this Settlement Agreement. However, if the provisions of N.Y. Exec. Law § 632-a apply to Plaintiff and the payment to Plaintiff of any amount(s) specified in Paragraph 2 of this Settlement Agreement constitutes "funds of a convicted person" under the Son of Sam Law, the one hundred and twenty (120) day period shall be extended by an additional thirty (30) days to allow for compliance with that law.

6.    **Responsibility for Taxes**: It is understood and agreed that any taxes, or interest or penalties on taxes, which may attach to the payment specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that he will defend, indemnify, and hold harmless all Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

7.    **Responsibility for Liens and Setoffs**: It is understood and agreed that any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation or benefits, or child support

5

liens) which may attach to the payment specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that he will defend, indemnify, and hold harmless all Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such any liens, setoffs, deductions, or recoupments.

8. **Medicare Certification**: Plaintiff represents and warrants that he is not currently a Medicare recipient and/or Medicare eligible, has never been on Medicare or Social Security Disability Insurance, that no conditional payments have been made on his behalf by Medicare, and further that he does not expect to be Medicare eligible and/or a Medicare recipient within the next thirty (30) months following the date of this Settlement Agreement. Plaintiff agrees to deliver a fully executed Affirmation of Medicare Status in the form annexed hereto as Exhibit A ("Medicare Affirmation") to the Office of the New York State Attorney General. Plaintiff acknowledges and understands that receipt of a fully executed Medicare Affirmation by the Office of the New York State Attorney General, together with any required supporting documentation, is a prerequisite to payment of the settlement amount referenced in Paragraph 2 herein and falls within the category of "other documentation" and "required documentation" described in this Settlement Agreement.

6

9.    **Responsibility for Medicare Payments or Medicare Liens**: Plaintiff agrees to defend, indemnify, and hold harmless all Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) for any liens or past or future Medicare payments presently known or unknown in connection with the Action. If conditional or future anticipated Medicare payments have not been satisfied, Defendants and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the settlement amount specified in this Settlement Agreement. Upon receipt of all required documentation, payment of the settlement amount specified in Paragraph 2 of this Settlement Agreement shall be made in accordance with the terms set forth herein.

10.    **General Release**: For and in consideration of the payment of the amount specified in Paragraph 2 of this Settlement Agreement, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), releases and forever discharges the State of New York, DOCCS, and each of the Defendants, together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, heirs, and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "the Released Parties") from all manner of claims, actions, proceedings, suits, grievances, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, related to or arising out of the acts, transactions, occurrences,

7

or omissions which are described, alleged, or contained in the Complaint and all related filings and proceedings in *Matthew Raymond v. Troy Mitchell, Charles Thomas, Thomas Harte, Thomas Phillips and Thomas Giancola*, 18-cv-01467 (N.D.N.Y.), excluding only Plaintiff's claims for reasonable attorneys' fees, expenses, and costs pursuant incurred in prosecuting Plaintiff's claims in this action. Plaintiff does not waive or release any nonwaivable statutory protections. Plaintiff does not waive or release any claims that may arise after Plaintiff executes the Settlement Agreement. Additionally, nothing in the release prohibits Plaintiff from speaking with law enforcement, the Equal Employment Opportunity Commission, the State Division of Human Rights, a local commission on human rights, or an attorney, or testifying, assisting, or participating in an investigation, hearing, or proceeding conducted by any state, federal, or local government agency.

11.     **No Other Action or Proceeding**: Other than this Action, Plaintiff represents that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on his own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Agreement.

12.     **Waiver of Attorneys' Liens**: The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise, excluding only Plaintiff's claims for reasonable attorneys' fees, expenses, and costs incurred in prosecuting Plaintiff's claims in this action.

13.    **No Other Attorneys:** Plaintiff represents and warrants that, besides the undersigned attorneys for Plaintiff, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

14.    **No Prevailing Party:** Neither Plaintiff nor any Defendant shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action, except as set forth in Paragraph 4 of this Settlement Agreement.

15.    **No Admission of Liability:** It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Agreement, and the actions taken or payments made pursuant hereto, are not to be construed as constituting any determination on the merits of any claims in the Action or as constituting any admission of wrongdoing or liability on the part of Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity). Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, practice, or custom of Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity).

16.    **No Precedential Value:** This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised in the Action or any other proceeding and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein,

this Settlement Agreement shall not bind or collaterally estop Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

17.    **Authority**: Each signatory to this Settlement Agreement hereby represents and warrants that he, she or it has the requisite authority to enter into this Settlement Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

18.    **Voluntary Agreement**:  Plaintiff represents that he has carefully read and fully understands all provisions of this Settlement Agreement, including the General Release. Plaintiff represents that he has executed and delivered this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that he understands its terms, contents, and effect. Plaintiff acknowledges that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

19.    **Negotiated Agreement**: The Parties acknowledge that each of them has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

20.    **Binding Effect on Successors and Assigns**: The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

21.    **Entire Agreement:** This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the Parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the Parties hereto.

22.    **Governing Law:** The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims pursuant to Paragraph 9 of this Settlement Agreement.

23.    **Severeability:** If any provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portions of the Settlement Agreement or affect the Agreement's validity.

24.    **Headings:** The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

25.    **Counterparts:** This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument. PDF and facsimile signatures shall constitute original signatures.

26.    **Submission to the Court:** This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

WHEREFORE, the Parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the terms and provisions contained herein and have each executed this Settlement Agreement to be effective on the date the Agreement is last executed below.

Dated: March __17__, 2025

_____
Matthew Raymond

STATE OF NEW YORK      )
                       )    ss.:
COUNTY OF ERIE         )

On the __17th__ day of March, 2025, before me  personally  came  and  appeared Matthew Raymond, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that they executed the same in their capacity, and that by their signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

> KRISTIN BARLOW
> Notary Public - State of New York
> No. 01BA0023870
> Qualified in Erie County
> My Commission Expires 04/24/2028

_____
Notary Public

**ADDITIONAL SIGNATURES TO FOLLOW ON THE NEXT PAGE**

Dated: March _____, 2025

_____
Troy Mitchell


Dated: March _____, 2025

_____
Charles Thomas


Dated: March _____, 2025

_____
Thomas Harte


Dated: March _____, 2025

_____
Thomas Phillips


Dated: March _____, 2025

_____
Thomas Giancola


Dated: March __18__, 2025

_Katherine Rosenfeld_
_____
Katherine R. Rosenfeld, Esq.
Emery Celli Brinckerhoff Abady
Ward & Maazel LLP
One Rockefeller Plaza, 8th Floor
New York, New York 10020
E: krosenfeld@ecbawm.com


Dated: March _____, 2025

_____
Barry N. Covert, Esq.
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
E: bcovert@lglaw.com


Dated: March _____, 2025

SO ORDERED


_____
Hon. Glenn T. Suddaby
United States District Judge

13

Dated: March _19_, 2025

Troy Mitchell


Dated: March _____, 2025

Charles Thomas


Dated: March _____, 2025

Thomas Harte


Dated: March _____, 2025

Thomas Phillips


Dated: March _____, 2025

Thomas Giancola


Dated: March _18_, 2025

Katherine R. Rosenfeld, Esq.
Emery Celli Brinckerhoff Abady
Ward & Maazel LLP
One Rockefeller Plaza, 8th Floor
New York, New York 10020
E: krosenfeld@ecbawm.com


Dated: March _____, 2025

Barry N. Covert, Esq.
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
E: bcovert@lglaw.com


Dated: March _____, 2025

SO ORDERED


Hon. Glenn T. Suddaby
United States District Judge


13

Dated: March _____, 2025

Troy Mitchell

Dated: March 20th, 2025

Charles Thomas

Dated: March _____, 2025

Thomas Harte

Dated: March _____, 2025

Thomas Phillips

Dated: March _____, 2025

Thomas Giancola

Dated: March 18 , 2025

Katherine R. Rosenfeld, Esq.
Emery Celli Brinckerhoff Abady
Ward & Maazel LLP
One Rockefeller Plaza, 8th Floor
New York, New York 10020
E: krosenfeld@ecbawm.com

Dated: March _____, 2025

Barry N. Covert, Esq.
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
E: bcovert@lglaw.com

Dated: March _____, 2025

SO ORDERED

Hon. Glenn T. Suddaby
United States District Judge

Dated: March _____, 2025

Troy Mitchell

Dated: March _____, 2025

Charles Thomas

_Thomas Harte_

Thomas Harte

Dated: March _18_, 2025

Dated: March _____, 2025

Thomas Phillips

Dated: March _____, 2025

Thomas Giancola

Dated: March _18_, 2025

_Katherine Rosenfeld_

Katherine R. Rosenfeld, Esq.
Emery Celli Brinckerhoff Abady
Ward & Maazel LLP
One Rockefeller Plaza, 8th Floor
New York, New York 10020
E: krosenfeld@ecbawm.com

Dated: March _____, 2025

Barry N. Covert, Esq.
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
E: bcovert@lglaw.com

Dated: March _____, 2025

SO ORDERED

Hon. Glenn T. Suddaby
United States District Judge

13

Dated: March _____, 2025

Troy Mitchell

Dated: March _____, 2025

Charles Thomas

Dated: March _____, 2025

Thomas Harte

Dated: March 22, 2025

Thomas Phillips

Dated: March _____, 2025

Thomas Giancola

Dated: March 18, 2025

Katherine R. Rosenfeld, Esq.
Emery Celli Brinckerhoff Abady
Ward & Maazel LLP
One Rockefeller Plaza, 8th Floor
New York, New York 10020
E: krosenfeld@ecbawm.com

Dated: March _____, 2025

Barry N. Covert, Esq.
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
E: bcovert@lglaw.com

Dated: March _____, 2025

SO ORDERED

Hon. Glenn T. Suddaby
United States District Judge

13

Dated: March _____, 2025

_____
Troy Mitchell

Dated: March _____, 2025

_____
Charles Thomas

Dated: March _____, 2025

_____
Thomas Harte

Dated: March _____, 2025

_____
Thomas Phillips

Dated: March _____, 2025

_____
Thomas Giancola

Dated: March __18__, 2025

_____
Katherine R. Rosenfeld, Esq.
Emery Celli Brinckerhoff Abady
Ward & Maazel LLP
One Rockefeller Plaza, 8th Floor
New York, New York 10020
E: krosenfeld@ecbawm.com

Dated: March _____, 2025

_____
Barry N. Covert, Esq.
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
E: bcovert@lglaw.com

Dated: March _____, 2025

SO ORDERED

_____
Hon. Glenn T. Suddaby
United States District Judge

13

Dated: March _____, 2025

_____
Troy Mitchell

Dated: March _____, 2025

_____
Charles Thomas

Dated: March _____, 2025

_____
Thomas Harte

Dated: March _____, 2025

_____
Thomas Phillips

Dated: March _____, 2025

_____
Thomas Giancola

Dated: March __18__, 2025

_____
Katherine R. Rosenfeld, Esq.
Emery Celli Brinckerhoff Abady
Ward & Maazel LLP
One Rockefeller Plaza, 8th Floor
New York, New York 10020
E: krosenfeld@ecbawm.com

Dated: March _____, 2025

_____
Barry N. Covert, Esq.
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
E: bcovert@lglaw.com

Dated: March _____, 2025

SO ORDERED

_____
Hon. Glenn T. Suddaby
United States District Judge

13