UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MATTHEW RAYMOND,

              Plaintiff,

vs.                                       Case No. 9:18-cv-01467

TROY MITCHELL, Lieutenant at Auburn
Correctional Facility, CHARLES THOMAS,
Correction Officer at Auburn Correctional
Facility, THOMAS HARTE, Correction Officer
at Auburn Correctional Facility, THOMAS
PHILLIPS, Correction Offer at Auburn
Correctional Facility, and THOMAS GIANCOLA,
Correction Officer at Auburn Correctional Facility,

              Defendants.

---

## FINAL STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL

This FINAL STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Final Settlement Agreement") is made by and between, Plaintiff's counsel, EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP ("Emery Celli"), and Defendants, TROY MITCHELL, CHARLES THOMAS, THOMAS HARTE, THOMAS PHILLIPS and THOMAS GIANCOLA (collectively referred to as the "Defendants") (Defendants and Emery Celli are sometimes collectively referred to herein as "the Parties"):

**WHEREAS**, Plaintiff, Matthew Raymond ("Plaintiff"), commenced the above-captioned action by filing a Complaint on December 19, 2018 (ECF No. 1), alleging various claims against Defendants pursuant to 42 U.S.C. § 1983, and Defendants filed an Answer denying all of the critical allegations set forth in the Complaint and raising various affirmative defenses; and

**WHEREAS**, the claims, allegations and defenses asserted in the above-captioned action, together with all related filings and proceedings, constitute "the Action"; and

**WHEREAS**, on or about March 22, 2025, Plaintiff and Defendants entered into a written Stipulation of Settlement, General Release, and Order of Dismissal wherein Plaintiff and Defendants settled all claims raised by Plaintiff against Defendants in the Action, excluding only Plaintiff's demand for payment of reasonable attorneys' fees, expenses and costs incurred by him in prosecuting the claims raised in the Action, and said Stipulation was granted by the Court on March 28, 2025 (ECF No. 201), and all sums due and owing in said Stipulation have been paid to Plaintiff; and

**WHEREAS**, in the Stipulation of Settlement, General Release, and Order of Dismissal dated March 22, 2025, and granted by the Court on March 28, 2025 (ECF No. 201), Plaintiff assigned all of his rights to attorneys' fees, expenses, and costs pursuant to 42 U.S.C. § 1988 to his counsel, Emery Celli Brinckerhoff Abady Ward & Maazel LLP; and

**WHEREAS**, this Final Settlement Agreement does not amend, modify, change or void any of the terms, conditions and obligations set forth in the Stipulation of Settlement, General Release, and Order of Dismissal dated March 22, 2025; all terms, conditions and obligations set forth in the Stipulation of Settlement, General Release, and Order of Dismissal dated March 22, 2025, remain valid and enforceable; and

**WHEREAS**, this Final Settlement Agreement is entered into for the sole purpose of acknowledging and confirming the agreement reached between Emery Celli and Defendants regarding payment of the reasonable attorneys' fees, expenses and costs incurred by Plaintiff in prosecuting the claims raised in the Action; and

**WHEREAS**, by filing this Final Settlement Agreement, any and all claims brought against Defendants for payment of attorneys' fees, expenses and costs will be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a); and

**WHEREAS**, Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in the Action whatsoever; and

**WHEREAS**, the Parties desire to fully resolve the claims raised between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before any court or other agency, and without admission of fault or liability; and

**WHEREAS**, no party to this Final Settlement Agreement is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Final Settlement Agreement has an interest in the subject matter of the Action;

**NOW, THEREFORE**, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Final Settlement Agreement, the Parties hereby stipulate and agree, and the Court orders, as follows:

1. **Dismissal of the Action with Prejudice:** All claims asserted in the Action for attorneys' fees, expenses and costs are hereby dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), with no payment in excess of the amount specified in Paragraph 2 of this Final Settlement Agreement to be paid to Emery Celli to settle the claims raised in the Action.

2. **Payment to Emery Celli:** For and in consideration of Emery Celli's execution of this Final Settlement Agreement, its agreement to be bound by its terms, and its undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the State of New York, on behalf of all Defendants, shall pay Emery Celli the total sum of Four Hundred Seventy-Five Thousand Dollars and Zero Cents ($475,000.00) as payment for all reasonable attorneys' fees, expenses, and costs incurred in prosecuting Plaintiff's claims in the Action.

The Office of the New York State Comptroller shall issue any and all appropriate Internal Revenue tax forms, as follows:

a. The State of New York, on behalf of all Defendants, shall pay Emery Celli the gross sum of Four Hundred Seventy-Five Thousand Dollars and Zero Cents ($475,000.00) in full and complete satisfaction of any and all claims, allegations, causes of action, and demands for attorneys' fees, expenses and costs. The foregoing payment shall be made by check made payable to "Emery Celli Brinckerhoff Abady Ward & Maazel LLP" and the check is to be mailed to Katherine R. Rosenfeld, Esq., Emery Celli Brinckerhoff Abady Ward & Maazel LLP, One Rockefeller Plaza, 8th Floor, New York, New York 10020.

3. **State Approval of Payment:** Payment of the amount specified in Paragraph 2 of this Final Settlement Agreement is conditioned upon and subject to the approval of all appropriate State officials in accordance with N.Y. Pub. Off. Law § 17. Emery Celli agrees to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.

4. **Accrual of Interest:** In the event payment of the amount specified in Paragraph 2 of this Final Settlement Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Agreement, entered into the record by the Clerk of Court, together with all other documentation required under this Final Settlement Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after receipt by the Office of the Attorney General of all documentation required under this Final Settlement Agreement. However, if the provisions of N.Y. Exec. Law § 632-a apply to Plaintiff and the payment of any amount(s) specified in Paragraph 2 of this Final Settlement Agreement constitutes "funds of a convicted person" under the Son of Sam Law, the one hundred and twenty (120) day period shall be extended by an additional

thirty (30) days to allow for compliance with that law.

    5.    **Responsibility for Taxes**: It is understood and agreed that any taxes, or interest or penalties on taxes, which may attach to the payment specified in Paragraph 2 of this Final Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Emery Celli, and Emery Celli does not have a claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Emery Celli agrees that it will defend, indemnify, and hold harmless all Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

    6.    **Responsibility for Liens and Setoffs**: It is understood and agreed that any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any monies owed to attorneys employed outside Emery Celli, expert witnesses and vendors who assisted with the prosecution of the Action) which may attach to the payment specified in Paragraph 2 of this Final Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Emery Celli, and Emery Celli shall not have a claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or

official capacity) on account of such liens, setoffs, deductions or recoupments. Emery Celli agrees that it will defend, indemnify, and hold harmless all Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such any liens, setoffs, deductions, or recoupments.

7.    **General Release by Plaintiff**:  The Parties acknowledge and agree that as part of this Final Settlement Agreement, Plaintiff shall execute the General Release attached hereto as Addendum A. In the event Plaintiff fails to execute the General Release and provide it to Defendants, this Final Settlement will be null and void, and all of the terms, conditions and obligations set forth in the Final Settlement Agreement will be deemed unenforceable.

8.    **General Release by Emery Celli**:  For and in consideration of the payment of the amount specified in Paragraph 2 of this Final Settlement Agreement, Emery Celli, on behalf of itself, agents, successors, assigns, owners, officers, directors, shareholders, partners, members and employees, releases and forever discharges the State of New York, Department of Corrections and Community Supervision ("DOCCS"), and each of the Defendants, together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, heirs, and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, the "Released Parties"), from all manner of claims, actions, proceedings, suits, grievances, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that Emery Celli ever had, now has, or shall or may have in the future against some,

any, or all of the Released Parties, related to or arising out of any and all claims, allegations, causes of action, and demands for attorneys' fees, expenses and costs accrued in connection with the Complaint and all related filings and proceedings in *Matthew Raymond v. Troy Mitchell, Charles Thomas, Thomas Harte, Thomas Phillips and Thomas Giancola*, 18-cv-01467 (N.D.N.Y.). Emery Celli does not waive or release any claims that may arise after Emery Celli executes this Final Settlement Agreement.

9. **No Other Action or Proceeding:** Other than this Action, Emery Celli represents that it has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind on Plaintiff's behalf that is still pending against the Released Parties, that none of the foregoing is currently pending on Plaintiff's behalf in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Final Settlement Agreement.

10. **No Other Attorneys:** Emery Celli represents and warrants that besides itself, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

11. **No Admission of Liability:** It is understood and agreed that any actions taken or payments made pursuant to this Final Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Final Settlement Agreement, and the actions taken or payments made pursuant hereto, are not to be construed as constituting any determination on the merits of any claims in the Action or as constituting any admission of wrongdoing or liability on the part of Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an

individual or official capacity). Nothing contained in this Final Settlement Agreement shall be deemed to constitute a policy, practice, or custom of Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity).

12. **No Precedential Value:** This Final Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised in the Action or any other proceeding and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Final Settlement Agreement shall not bind or collaterally estop Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

13. **Authority:** Each signatory to this Final Settlement Agreement hereby represents and warrants that he, she or it has the requisite authority to enter into this Final Settlement Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Final Settlement Agreement.

14. **Negotiated Agreement:** The Parties acknowledge that each of them has cooperated in the drafting and preparation of this Final Settlement Agreement. The language in all parts of this Final Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

15. **Binding Effect on Successors and Assigns:** The terms and conditions of this Final Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

16. **Entire Agreement:** This Final Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the Parties hereto, whether written or oral, with respect to the subject matter of this Final Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the Parties hereto.

17. **Governing Law:** The terms of this Final Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply.

18. **Severability:** If any provision of this Final Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portions of this Final Settlement Agreement or affect the Agreement's validity.

19. **Headings:** The headings contained in this Final Settlement Agreement are for convenience of reference only and are not a material part of this Final Settlement Agreement.

20. **Counterparts:** This Final Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument. PDF and facsimile signatures shall constitute original signatures.

21. **Submission to the Court:** This Final Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

WHEREFORE, the Parties hereto acknowledge that they have read this Final Settlement Agreement and accept and agree to the terms and provisions contained herein and have each executed this Final Settlement Agreement to be effective on the date the Agreement is last executed below.

Dated: November 3, 2025

*Katherine Rosenfeld*

Katherine R. Rosenfeld, Esq. on behalf of
Emery Celli Brinckerhoff Abady
Ward & Maazel LLP
One Rockefeller Plaza, 8th Floor
New York, New York 10020
E-Mail: krosenfeld@ecbawm.com

Dated: November 3, 2025

Patrick J. Mackey, Esq.
Lipsitz Green Scime Cambria LLP
Defendants' Attorneys and Authorized Agent
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
E-Mail: pmackey@lglaw.com

Dated: November 5, 2025

SO ORDERED

Glenn T. Suddaby
U.S. District Judge

# ADDENDUM A

# **GENERAL RELEASE**

**TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, GREETING:**

**KNOW YE,** that **MATTHEW RAYMOND** (hereinafter referred to as "Releasor"), for and in consideration of the sum of One Dollar ($1.00), lawful money of the United States of America and no more, the receipt whereof is hereby acknowledged, on behalf of himself, his agents, heirs, executors, administrators, successors, and assigns, releases and forever discharges the State of New York, Department of Corrections and Community Supervision, Troy Mitchell, Charles Thomas, Thomas Harte, Thomas Phillips and Thomas Giancola, together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, heirs, and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, the "Released Parties"), from all manner of claims, actions, proceedings, suits, grievances, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that Releasor ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, related to or arising out of any and all claims, allegations, causes of action, and demands for attorneys' fees, expenses and costs accrued in connection with the Complaint filed by Releasor in the United States District Court, Northern District of New York, on December 19, 2018, and all related filings and proceedings in *Matthew Raymond v. Troy Mitchell, Charles Thomas, Thomas Harte, Thomas Phillips and Thomas Giancola*, 18-cv-01467 (N.D.N.Y.), and in connection with any other actions, proceedings or suits related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Complaint. Releasor does not waive or release any nonwaivable statutory

7401366v1 - 066742.0001

protections. Releasor does not waive or release any claims that may arise after Releasor executes this General Release. Additionally, nothing in this General Release prohibits Releasor from speaking with law enforcement, the Equal Employment Opportunity Commission, the State Division of Human Rights, a local commission on human rights, or an attorney, or testifying, assisting, or participating in an investigation, hearing, or proceeding conducted by any state, federal, or local government agency.

**IN WITNESS WHEREOF,** RELEASOR has hereunto set his hand and seal the _____ day of _____, 2025.

_____
**MATTHEW RAYMOND**

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF ERIE       )

On this _____ day of _____, 2025, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared **MATTHEW RAYMOND**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public